June, 1813.

HALL
v.
STEWART.

——————

WILLIAM C. HALL and JUSTUS SAGE *against* JAMES
STEWART.

A written contract may be dissolved, or varied, by a subsequent parol agreement, executed, and relating to the same subject matter.

MOTION for a new trial.

This was an action of *book debt*, brought to recover the freight for the transportation of a certain number of oxen, and a quantity of flour, from *New-London* to *St. Bartholomews.*

The facts, in relation to the case, were these. About the time when the oxen and flour were shipped, *Sage*, one of the plaintiffs, executed and delivered to the defendant, two bills of lading, in the usual form, whereby he acknowledged, that the oxen and flour were shipped on board the brig *Amazon*, whereof he was master, lying in the port of *New-London*, and bound for *Cayenne*, and undertook to deliver the same, at *Cayenne*, the dangers of the seas only excepted, to *Thomas Alman*, Esq., or to his assigns, he or they paying freight for the oxen, forty dollars each, and two dollars per barrel, for the flour. Soon after the execution and delivery of the bills

of lading, the defendant directed the plaintiffs to deliver the

oxen and flour at *St. Bartholomews*, to one *William Cox*, agent
of *Thomas Alman*, Esq., and agreed, by parol, to pay them
the same freight mentioned in the bills of lading.   The oxen
and flour were delivered at *St. Bartholomews*, pursuant to the
directions of the defendant, and were there accepted by his
agent.

On the trial, before the Superior Court, the plaintiffs offer-
ed the testimony of sundry witnesses, to prove the parol
agreement before mentioned ; to which the defendant object-
ed, on the ground, that parol evidence could not be admitted,
to vary or controul the terms of a written agreement : But
the court overruled the objection, and admitted the evidence;
and the jury having returned their verdict for the plaintiffs,
the defendant moved for a new trial, on the ground that the
court erred in admitting the evidence before stated.   The
motion was reserved for the opinion and advice of the nine
Judges.

*Hosmer*, in support of the motion.   The only question in
this case, is, whether the contract contained in the bills of
lading, can be discharged or varied, by a subsequent parol
agreement between the same parties, and relating to the same
subject matter ?   The decision of the Superior Court in ad-
mitting evidence to prove the parol agreement, cannot be
sustained, by any acknowledged principle.   By the written
agreement, the plaintiffs undertook to transport the property
shipped, to *Cayenne*.   By the subsequent parol agreement,
they agreed to deliver the same property, at a different port.
If the opinion of the court was correct, a written agreement
may be dissolved by parol.   This cannot be.   When it was
found convenient to alter the voyage, what reason can be
assigned why new bills of lading were not made and execu-
ted ?   Could there be any hardship, or inconvenience, in
doing this ?   This could have been done ; it ought to have
been done.   At least, some memorandum in writing should
have been made, and signed by the parties.

But it is said, that the contract expressed in the bills of

lading, was extinguished by the subsequent parol agreement; and that this subsequent agreement is analogous to an accord and satisfaction. There is something in this case, very different from an accord and satisfaction. There is no analogy whatever, between the two things. Accord and satisfaction does not annul or vary the original contract. But in this case, the decision of the court went the whole length of discharging the original agreement in writing, and of substituting a new parol contract.

*C. Whittelsey*, contra. The plaintiffs in their declaration, state a certain contract, which may be proved by parol. The defendant claims, that this contract cannot be proved in this manner, because the parties had previously entered into a written contract, by which the plaintiffs stipulated to do a different thing. The plaintiffs claim the right of proving their contract by parol. And why may they not do this? It is not because there is any thing in the nature of the action, to prevent it. What, then, can be the objection? It is merely because the plaintiffs have made a written contract relating to the same subject. Let the force of this objection be examined.

A written contract may be discharged or varied, by parol; *a fortiori*, performance may be proved by parol. This principle is supported by numerous decisions both in *England*, and in this country.

Circumstantial evidence may be admitted to shew, that the parties had abandoned a contract under seal.

In an action for breach of a contract to build an house, the defendant pleaded, that he was ready to perform the agreement, but that the plaintiff forbade him. This was adjudged to be good on demurrer. 1 *Pow. Cont.* 416.

An agreement may be waived by parol. 1 *Pow. Cont.* 428. *Legal* v. *Miller*, 2 *Ves.* 299. The same principle is recognized in the case of *Herring* v. *Gilbert*, 3 *Johns. Rep.* 528.

If a party gives time on a charter-party, it is a good defence. *Ratcliff* v. *Pemberton*, *Esp. Rep.* 35. (per Ld. *Kenyon*.

If a man covenant to collect my rents in a certain bill, and I interrupt the collection, the covenant is discharged. 1 *Roll. Abr.* 454.

A bill of lading is discharged, and the party is liable to the payment of freight, when the goods are accepted at an intermediate port, either by the freighter himself, or his agents, or by the consignees. *Lutwidge* v. *Grey*, cited in *Abbott*, 343. Case of the *Race Horse*, 3 *Rob. Adm. Rep.* 86. *Christy* v. *Row*, 1 *Taunt. Rep.* 299. *Davidson* v. *Gwynne*, 12 *East's Rep.* 388. (per *Le Blanc* and *Bayley*, Js.)

INGERSOLL, J. In this case, I am of opinion that a new trial ought not to be granted. However incompetent it might be, for the plaintiffs to prove, by parol testimony, that at the very time when the bills of lading were executed, it was agreed by the parties, that the voyage should not be such as it purported to be, by the bills of lading; yet the admission of parol testimony, in this case, does not, by any means, contravene this principle.

It has always been considered proper for a defendant to avail himself of parol evidence, to prove an accord executed, in discharge of a written agreement, previously, by him made. By evidence of this kind, he avails himself of some act performed by him, and accepted by the plaintiff, not contemplated by, or comprised in, the original agreement. This principle being admitted, it follows of course, that a plaintiff may avail himself of such posterior agreement carried into execution, as well as a defendant. It is, really, a new contract, entered into and performed, with respect to the subject matter of the written agreement. By the consummation of the new contract; that is to say, by its being not only made, but executed; the old one is done away.

It was competent for the plaintiffs to charge the freight of the articles shipped, on book, and prove the price agreed on to be paid, in the manner in which it was proved to the court.

I, therefore, should not advise a new trial.

The other Judges, severally, concurred in this opinion.

New trial not to be granted.